IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN HOLLIS KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-2028-JDT |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER REVERSING COMMISSIONER'S DECISION AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

This action was filed by the Plaintiff, Steven Hollis Knox, to obtain judicial review of the Defendant Commissioner's final decision denying his applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Plaintiff's applications for benefits were denied initially and upon reconsideration by the Social Security Administration ("SSA"). At the Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on February 11, 2010. (R. 39-58.) On May 27, 2010, the ALJ issued a decision finding that Plaintiff was not disabled. (R. 21-31). The Appeals Council denied Plaintiff's request for review on November 14, 2011. (R. 1-6.) Therefore, the ALJ's decision became the final decision of the Commissioner.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. The reviewing court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* Judicial review is limited to determining whether or not there is substantial evidence in the record as a whole to support the Commissioner's decision, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604–08 (6th Cir. 2009); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).

Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion. *Perales*, 402 U.S. at 401; *Lindsley*, 560 F.3d at 604-05; *Kyle*, 609 F.3d at 854. The Commissioner, not the reviewing court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). In addition, if the decision is supported by substantial evidence, it should not be reversed even if substantial evidence also supports the opposite conclusion. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff was born on January 6, 1960, and has a GED. (R. 30, 43, 116.) He has past relevant work as an air compressor assembler, brake[1] press operator, and laundry detergent mixer/operator. (R. 29, 54.) Plaintiff alleges he became disabled on August 10, 2007,[2] due to a heart attack, back pain, and nerve problems. (R. 148).

---

[1] On a Work History Report, Plaintiff wrote that he ran a "break" press. (R. 125.) In the hearing transcript, the word is transcribed as both "brick" and "brake". (R. 44, 54.) In Plaintiff's brief, counsel indicates Plaintiff was a "brake" press operator. (Pl.'s Br., ECF No. 15 at 2.) As the job is never actually described in the record, it is unclear which spelling is correct.

[2] Plaintiff originally alleged an onset date of January 31, 2007. (R. 116.) At the hearing, the onset date was amended to August 10, 2007. (R. 43.)

The ALJ found that Plaintiff met the non-disability insured status requirements and had not engaged in substantial gainful activity since January 31, 2007. She also found that Plaintiff's back disorders (discongenic and degenerative) and anxiety-related disorder were severe impairments, but that his cardiac disease was non-severe. (R. 23-24.) However, the ALJ found that Plaintiff's impairments did not, either singly or in combination, meet or medically equal any listed impairment in 20 C.F.R., Pt. 404, Subpt. P, App. 1. (R. 24.) She also determined that Plaintiff's subjective complaints regarding the intensity, persistence, and limiting effects of his symptoms were not fully credible. (R. 27-28). The ALJ further found that Plaintiff had the residual functional capacity to perform less than a full range of medium work. Specifically, the ALJ found Plaintiff could stand and walk for six hours in an eight-hour workday; could sit for six hours in an eight-hour workday; could lift and carry, and push and pull fifty pounds occasionally and twenty-five pounds frequently; could frequently climb, balance, stoop, kneel, crouch, and crawl; had no manipulative, visual, communicative, or environmental limitations. However, he was limited to only unskilled, simple, routine, repetitive tasks in a non-production work environment, with no interactions with co-workers and supervisors, and no job interactions with the general public. (R. 24-26). The ALJ also found that Plaintiff could not do his past relevant work. (R. 29-30.) Relying on the testimony of a vocational expert ("VE"), the ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 30-31.) Accordingly, Plaintiff was not under a disability at any time through the date of the decision. (R. 31.)

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The initial burden of going forward is on the claimant to show that

3

he is disabled from engaging in his former employment; the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*; *see Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).

In determining disability, the Commissioner conducts a five-step sequential analysis, as set forth in 20 C.F.R. § 404.1520 and § 416.920:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
2. An individual who does not have a severe impairment will not be found to be disabled.
3. A finding of disability will be made without consideration of vocational factors if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.
4. An individual who can perform work that he has done in the past will not be found to be disabled.
5. If an individual cannot perform his past relevant work, other factors including age, education, past work experience, and residual functional capacity will be considered to determine if other work can be performed.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Further analysis is unnecessary if it is determined that an individual is not disabled at any point in this sequential evaluation process. *Id.*; *see also Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002). Here, the analysis proceeded to step five, where the ALJ determined there are jobs existing in significant numbers in the national economy that the Plaintiff can perform based on age, education, past work experience, and residual functional capacity.

In this case, Plaintiff contends, *inter alia*, that the ALJ erred in her evaluation of Plaintiff's subjective complaints of pain and limitation. The ALJ must consider a claimant's subjective

4

testimony of pain if she finds evidence of an underlying medical condition and (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. *See Felisky*, 35 F.3d at 1038. When evaluating a claimant's subjective complaints, an ALJ must consider, in addition to objective medical evidence and Plaintiff's work record, any evidence relating to Plaintiff's daily activities; duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. *See* 20 C.F.R. §§ 404.1529, 416.929. However, the "ALJ may distrust [the] claimant's allegations . . . if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Moon v. Sullivan*, 923 F.2d 1175, 1182-83 (6th Cir. 1990).

Here, Plaintiff testified at the hearing that he had severe pain in his back that radiated down his leg and into his ankle. (R. 45-46.) He stated he could walk only half a block before the pain got too bad, could stand for about ten minutes at a time, could not sit without constantly changing position due to the pain, and could not lift more than fifteen pounds. (46-47.) In an attempt to relieve the pain, Plaintiff stated he would lie flat on the floor two to three times per day for thirty to forty-five minutes at a time. (R. 47-48.) He stated he could do some light housework, but his sister did most of the cleaning. (R. 50.) He cooked "little quick stuff, like microwavable stuff, nothing where I have to stand there and, and watch it." (R. 51.) Plaintiff further testified could not wash dishes without leaning against the counter before he finished because his legs hurt. (*Id.*) He did a little shopping, but his sister also did a lot of the shopping. (*Id.*)

5

The ALJ found that Plaintiff's "objectively determinable impairments could reasonably be expected to cause" his pain. (R. 27.) However, in evaluating Plaintiff's credibility concerning his subjective complaints, the ALJ relied on these same types of minimal activities to find that he was *not* credible:

> The claimant testified at the hearing that he experienced incapacitating pain. In his function report (Exhibit 4E), the claimant reported that he walked his dog; watched television; shopped 2-3 times monthly; performed light housework, laundry, and light cooking; and occasionally worked on a tractor. These activities are inconsistent with incapacitating pain, as well as with an inability to stand to stand [sic] or walk for more than 30 minutes in an 8-hour workday.

(R. 28.) The ALJ's statement that such activities are inconsistent with "incapacitating" pain is nonsensical. A claimant need not prove total incapacitation in order to be found disabled. However, even if the ALJ meant to say that Plaintiff's minimal daily activities are inconsistent with "disabling" pain, the Court finds that was error. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248-49 (6th Cir. 2007) (activities such as driving, cleaning one's apartment, caring for pets, doing laundry, reading, watching television, were "minimal daily functions" that "are not comparable to typical work activities").

Furthermore, the activities described by Plaintiff in his function report are not necessarily inconsistent with the inability to stand or walk for more than thirty minutes. Plaintiff's actual statements are more restrictive than the ALJ's description in her opinion suggests. Plaintiff stated that he "just let [the dogs] out. If my back or chest is not hurting to [sic] bad feed them, walk the back yard." (R. 140.) He stated that his father also helped with the dogs. (*Id.*) Plaintiff indicated that he cooked only frozen dinners and soups, "anything fast." (R. 141.) He could do his laundry "[i]n small loads," breaking it up to do a little at a time, but he did not iron. (*Id.*) Plaintiff further indicated he drove very little because his truck required him to shift gears. (R. 142.) While he

6

stated that one of his hobbies was "working on tractor," he also indicated he only did that maybe once a month and not for very long. (*Id.*)[3]

The evidence shows that Plaintiff consistently restricted his daily activities because of his pain and also because of his mental problems. The ALJ erroneously used his "minimal daily functions" to discredit those complaints. Given that the objective medical evidence confirms the presence of impairments that could cause pain and other symptoms, remand is necessary in order to properly evaluate Plaintiff's subjective complaints. Therefore, the Commissioner's decision is hereby REVERSED and the case is remanded for further proceedings under sentence four of 42 U.S.C. § 405(g).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's function report did not describe what working on his tractor actually involved, so the difficulty of that activity is unknown.