IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN HOLLIS KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-2028-JDT |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF FEES
AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

The Plaintiff, Steven Hollis Knox, filed this action to obtain judicial review of the Defendant Commissioner's determination that he was not disabled. On March 22, 2015, the Court reversed the Commissioner's decision and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); judgment was entered on March 23, 2015. (ECF Nos. 22 & 23.) Plaintiff has now filed a motion for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF Nos. 24 & 25.) In the certificate of consultation appended to the motion, it is averred the Commissioner has no objection to the award sought. (ECF No. 25-1.)

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the Court finds

that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As the Court reversed and remanded the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff qualifies as a prevailing party under the EAJA. As the Commissioner has no objection to Plaintiff's motion, she concedes that her position in this case was not substantially justified. The Court also concludes there are no special circumstances that would make an award unjust. Consequently, Plaintiff is entitled to an award under the EAJA.

Plaintiff's attorneys, the Law Offices of Harry J. Binder and Charles E. Binder, P.C., have submitted documentation in support of the EAJA motion, including Mr. Charles E. Binder's Declaration (ECF No. 25-3) and an itemized time statement documenting 23.9 hours of work in this case (ECF No. 25-4). Plaintiff has requested an award of fees in the amount of $4,371.31. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an award at the rate of $182.90 per hour. The increase is based on the rise in the cost of living since the EAJA statutory rate was last increased in 1996 and the corresponding increase in the cost of litigation since that time. The Court finds that Plaintiff's requested hourly rates and the number of hours expended in this case are reasonable.

Plaintiff also requests an award of costs in the amount of $350 for the filing fee paid in this case. The definition of "fees and expenses" under the EAJA does not include filing

fees. *See* 28 U.S.C. § 2412(d)(1)(A). However, fees of the Clerk may be taxed as costs under 28 U.S.C. § 1920, and the cost statute is expressly incorporated into § 2412(a)(1).[1]

The motion for attorney fees and costs is GRANTED. Plaintiff is awarded attorney fees under the EAJA in the amount of $4,371.31. Plaintiff is also awarded costs in the amount of $400, to be reimbursed from the Judgment Fund.

The motion for an EAJA award includes a document demonstrating that Plaintiff has assigned the right to receive any EAJA fees and costs to counsel. (ECF No. 25-5.) In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court held that EAJA awards belong to the litigant rather than to the attorney and may be offset to satisfy the litigant's pre-existing debt to the Government. If it is verified that Plaintiff owes no pre-existing debt to the United States, the Commissioner shall honor the fee assignment in this case and pay the EAJA award directly to counsel.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] "[A] judgment for costs, as enumerated in section 1920 of this title . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." § 2412(a)(1).
While an award of attorney fees under the EAJA is paid by the Social Security Administration, *see* § 2412(d)(4), an award of costs is paid from the Judgment Fund administered by the U.S. Department of the Treasury, *see* 31 U.S.C. § 1304.